UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM JOHN CHANDLER,<br><br>                    Plaintiff,<br><br>vs.<br><br>J.W. COX,<br><br>                    Defendant. | 4:19-CV-04198-RAL<br><br><br>OPINION AND ORDER DISMISSING CASE |

On December 11, 2019, William John Chandler, at that time an inmate at the Yankton Federal Prison Camp in Yankton, South Dakota, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. Chandler later filed a motion to expedite proceedings. Doc. 6. Chandler's prison identification number is 02940-029. Doc. 1 at 1. This Court now screens this case under 28 U.S.C. § 1915A to determine if it states claim on which relief can be granted.

Chandler was sentenced in the Northern District of Iowa on March 17, 2006, to 126 months imprisonment for violations of conspiracy to distribute methamphetamine. *United States v. William Chandler*, No. CR 04-4102-LTS. Doc. 2 at 2. In 2013, Chandler was released and began supervised release. Id. at 3. He violated the conditions of his release and was sentenced on August 5, 2019 to five months imprisonment on the revocation of supervised release. Id. The Federal Bureau of Prisons' inmate locator states that Chandler was released from prison on January 17, 2020.

In his petition, Chandler claims that his good conduct time is not being properly calculated because his "original sentence and [his] supervised release sentence should be aggregated" and he is entitled to good time credit for the entirety of his sentence. Doc. 1 at 2. Chandler claims that he exhausted his administrative remedies and that the Bureau of Prisons denied his grievance. Id. Chandler believes he should have been released on November 10, 2019. Doc. 1 at 6. He requests injunctive relief for a good conduct time reduction to his revocation sentence. Id. at 7. On December 18, 2019, Molly Quinn, a Federal Public Defender, filed a notice that she did not intend to enter an appearance on this case and "requests that the Court decide the issues based on the previous submissions by Petitioner." Doc. 5.[1]

A post-conviction motion such as this one that attacks the execution of a sentence and not the legality of the sentence must be brought in a petition pursuant to 28 U.S.C. § 2241 in the district where the defendant is incarcerated. See 28 U.S.C. §§ 2241, 2255; Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004). Chandler brought his petition in the correct district in that he was imprisoned in Yankton, South Dakota, when he filed the case. Only after a prisoner exhausts administrative remedies with the Bureau of Prisons may a prisoner seek judicial review of sentencing credit determinations. See United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241."). Chandler alleges that he has exhausted his administrative remedies. Doc. 1.

---

[1] This Court issued a standing order on January 4, 2019, that ordered the Office of the Federal Public Defender to represent individuals "who may be subject to reduction or modification as a result of Section 404 of the First Step Act."

2

This Court is not aware of Eighth Circuit precedent that directly addresses the issue of whether a prisoner's § 2241 petition to recalculate his/her good credit time under the First Step Act is mooted upon his/her release. However, it is well established law that a case or controversy must exist at all stages "not merely at the time the complaint is filed." United States v. Juvenile Male, 564 U.S. 932, 936 (2011). If the passage of time makes the current issues "lose their life" the case is moot, and it would be improper for a federal court to grant relief. Ali v. Cangemi, 419 F.3d 722, 723 (8th Cir. 2005). In a case with substantially similar facts to Chandler's case, the United States District Court for the District of Minnesota held a defendant's claim for additional good time credit under the First Step Act becomes moot upon the defendant's release from custody. United States v. Bowie, 2019 WL 6464790 (D. Minn. December 2, 2019).

Even if this Court reached the merits of Chandler's claims, he does not appear entitled to relief. "[A] supervised release term does not commence until an individual is " 'released from imprisonment.' " United States v. Johnson, 529 U.S. 53, 54-59 (2000) (citing 18 U.S.C. § 3624(e)). Good credit time does not reduce a prisoner's term of supervised release, it only applies to the imprisonment. See James v. Outlaw, 142 F. App'x 274, 275 (8th Cir. 2005) (citing Johnson, 529 U.S. at 54-59). Chandler's petition claims his good time credit should apply to the five-month sentence on revocation of supervision, but good time credit does not apply to federal sentences of one year or less. 18 U.S.C. § 3624(b)(1). Chandler no longer has a controversy that this Court can grant relief on, and even if he did, he does not accumulate good time credit while serving the five month sentence for revocation of supervised release under the circumstances.

Accordingly, it is

ORDERED that Chandler's petition for writ of habeas corpus under 28 U.S.C. § 2241, Doc. 1, is denied and dismissed. It is further

3

ORDERED that Chandler's motion to expedite proceedings, Doc. 6, is denied as moot.

DATED March 30th, 2020.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE